Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Nicole A. Poltash (State Bar. No. 323420)
Email: npoltash@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL REESE, an individual; LEAH FERRARINI, an individual, <br><br>  Plaintiffs,<br><br> vs.<br><br> JETBLUE AIRWAYS CORPORATION and DOES 1-100, inclusive,<br><br>  Defendants. | Case No.: 2:25-cv-251<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant JetBlue Airways Corporation (hereinafter "JetBlue"), by and through its attorneys of record at Victor Rane, hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

/ /

## JURISDICTION

1. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by JetBlue pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## VENUE

2. This action was filed in the Superior Court of the State of California for the County of Los Angeles. Accordingly, venue is proper in the United States District Court for the Central District of California.

## REMOVAL ON BASIS OF DIVERSITY JURISDICTION

3. On October 1, 2024, plaintiffs Michael Reese and Leah Ferrarini (collectively "Plaintiffs") commenced an action in the Superior Court of the State of California for the County of Los Angeles, entitled *MICHAEL REESE, an individual; LEAH FERRARINI, an individual, Plaintiffs, vs. JETBLUE AIRWAYS CORPORATION and DOES 1-100, inclusive, Defendants*, as Case No. 24TRCV03283. A true and correct copy of the summons and complaint filed in the state court is attached as Exhibit A.

4. This matter arises from injuries allegedly sustained by Plaintiffs when a block of ice allegedly fell from a JetBlue aircraft, Flight No. 2715, in route to Los Angeles, California from Queens, New York on January 1, 2024. (Complaint, p. 3-5, ¶¶ 12, 15-16).

5. "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. . . . If no ground for removal is evident in that pleading, the case is not removable at that stage." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

6. In the instant case, Plaintiffs' complaint does not state the amount in controversy and was not otherwise removable on its face. *See* Exhibit A.

7. The first date upon which JetBlue received a copy of Plaintiffs' summons and complaint was October 8, 2024, when JetBlue was served with copies of them by a registered California process server. A true and correct copy of the proof of service is attached as Exhibit B.

8. On November 7, 2024, JetBlue timely filed its answer to Plaintiffs' complaint in the Superior Court of the State of California for the County of Los Angeles, a true and correct copy of which is attached as Exhibit C.

9. On November 7, 2024, pursuant to California Code of Civil Procedure § 425.11, JetBlue served a request for statement of damages to Plaintiffs. *See* Exhibit D.

10. On December 10 and 13, 2024, Plaintiffs served their statements of damages to JetBlue by electronic mail. In the statements, Plaintiffs claim $1,000,000 in damages. *See* Exhibit E. This was the first time Plaintiffs provided a monetary damages amount in tis case against JetBlue.

11. Accordingly, the time for removal as set forth in 28 U.S.C. § 1446(b)(3) has not yet elapsed. *See, e.g.*, *Aviles v. Dollar Tree Stores, Inc.*, Case No. CV 15-05565 DDP (AJWx), 2016 U.S. Dist. LEXIS 7245, at *5, 2016 WL 270211 (C.D. Cal. Jan. 21, 2016) (holding that where the complaint did not state an amount of damages, removal was proper within thirty days of receipt of plaintiff's statement of damages); *Mix v. Allstate Ins. Co.*, Case No.: CV 00-835 R(CTx), 2000 U.S. Dist. LEXIS 14260, at *4, 2000 WL 1449880 (C.D. Cal. Apr. 19, 2000) ("Because Allstate removed this case within 30 days of receiving the Statement of Damages, Allstate's removal was timely.").

12. Moreover, because this action commenced on October 1, 2024, the one-year deadline to remove it to federal court has not yet expired. *See* 28 U.S.C. § 1446(c)(1). Thus, because JetBlue filed this Notice of Removal on or before

January 9, 2025, it is timely.

13. This Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is one which may be removed to this Court by JetBlue pursuant to the provisions of 28 U.S.C. § 1441(b).

14. Courts apply the same "liberal rules" to removal allegations that are applied to other pleadings, such as a complaint, and a notice of removal need only contain a "short and plain statement of the grounds for removal." *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019) (citations omitted). A party's allegation of minimal diversity may be based on "information and belief" and no evidentiary submissions are required. *Id.* (citations omitted). Specifically, the court in *Ehrman* held that for the purposes of a notice of removal, "[a] defendant's allegations of citizenship may be based solely on information and belief" in the absence of a factual challenge to citizenship allegations. *Id.* at 1227 (9th Cir. 2019); *see also In Walters v. FCA US LLC*, No. 2:20-cv-00644-AB-JC, 2020 U.S. Dist. LEXIS 58318, at *2-3 (C.D. Cal. Apr. 2, 2020) (denying a motion to remand that asserted merely a facial challenge to allegations of citizenship in the notice of removal).

15. A natural person's citizenship is determined by their place of domicile. *See Ehrman,* 932 F.3d at 1227. A place of domicile is where a person has a permanent home, where they reside with the intention to remain or to which they intend to return. *Id.*

16. JetBlue is informed and believes, and on that basis alleges, that Plaintiffs are now, and at all times relevant to this action were, citizens of California, because Plaintiffs state that they are the owners, residents, and occupiers who maintained possessory interest in real property located in California. (Complaint, p. 2, ¶ 3). As such, JetBlue has sufficiently alleged that Plaintiffs are

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849


citizens of the State of California for the purposes of 28 U.S.C. § 1332.

17. JetBlue is not now and never has been a resident or citizen of the State of California. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." JetBlue is now, and at all times relevant to this action was, a commercial air carrier organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located in Queens, New York. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" and will generally "be found at a corporation's headquarters").

18. Defendants identified as "DOES 1 through 100, inclusive" in Plaintiffs' complaint (Complaint, p. 3, ¶ 7) are merely fictitious parties against whom no cause of action can be validly alleged. To the best of JetBlue's information and belief, no fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to 28 U.S.C. § 1441(b)(1). Accordingly, there is complete diversity of citizenship between the only parties to this action, Plaintiffs and JetBlue.

19. On December 10 and 13, 2024, JetBlue received Plaintiffs' statements of damages, wherein Plaintiffs state that they seek $1,000,000 in compensatory damages. *See* Exhibit E. Hence, the damages sought by Plaintiffs exceed the minimum jurisdictional amount. *See, e.g.*, *Sklar v. Orchard Supply Co., LLC*, Case No. 5:16-cv-05096-EJD, 2017 U.S. Dist. LEXIS 39927, at *4, 2017 WL 1092325 (N.D. Cal. Mar. 20, 2017) (explaining that a statement of damages is viewed as a "serious estimate of the damages in a given case" and citing several courts that have "relied on the plaintiff's statement of damages as a measure of the amount in controversy."); *Wheeler v. United Fin. Cas. Co.*, Case No. 2:16-cv-01875-SB,

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

2016 U.S. Dist. LEXIS 158907, at *4-5 (E.D. Cal. Nov. 15, 2016) (stating that "multiple California district courts have found that a plaintiff's Statement of Damages, standing alone, constitutes sufficient evidence of the amount in controversy.").

20. Accordingly, this civil action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, JetBlue prays that the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

Dated: January 9, 2025

By: _____
Richard A. Lazenby
Nicole A. Poltash
VICTOR RANE
Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION