EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/01/2024 3:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JetBlue Airways Corporation and Does 1-100

inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Michael Reese, an individual and Leah Ferrarini,
an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 24TRCV03283 |

Los Angeles Superior Court, ~~Torrance Courthouse~~          TORRANCE COURTHOUSE
~~825 Maple Ave.~~                                            825 MAPLE AVENUE
~~Torrance, CA 90503~~                                        TORRANCE, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher A. Kanne, Esq. #289531; Engstrom, Lipscomb & Lack
11601 Wilshire Boulevard, 14th Floor
Los Angeles, California 90025; Telephone: (310) 552-3800

| DATE: 10/01/2024 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by | C. Nava | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JETBLUE AIRWAYS CORPORATION
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | ceb.com | Essential Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher A. Kanne, Esq. #289531<br>Engstrom, Lipscomb & Lack<br>11601 Wilshire Boulevard, 14th Floor<br>Los Angeles, California 90025<br>TELEPHONE NO.: (310) 552-3800   FAX NO.: (310) 552-9434<br>EMAIL ADDRESS: ckanne@elllaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**10/01/2024 3:00 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By C. Nava, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: ~~825 Maple Ave.~~  **TORRANCE COURTHOUSE**
MAILING ADDRESS: ~~825 Maple Ave.~~  **825 MAPLE AVENUE**
CITY AND ZIP CODE: ~~Torrance, CA 90503~~  **TORRANCE, CA 90503**
BRANCH NAME: ~~Torrance Courthouse~~

CASE NAME: Reese v. JetBlue Airways Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **24TRCV03283**<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/27/2024

Christopher A. Kanne, Esq.                    ▶ *(signature)*
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

[CEB | Essential<br>ceb.com | Forms]

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non- harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

CEB® Essential
ceb.com Forms™

38000/6544

| SHORT TITLE | CASE NUMBER |
|---|---|
| Reese v. JetBlue Airways Corporation | 24TRCV03283 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Reese v. JetBlue Airways Corporation | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Independent Calendar Courts** | | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| **Other Civil Cases Assigned to Independent Calendar Courts** | | | |
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Reese v. JetBlue Airways Corporation | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Reese v. JetBlue Airways Corporation | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Reese v. JetBlue Airways Corporation | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| Miscellaneous Civil Petitions | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 2601 W. 102nd Street |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Inglewood | CA | 90303 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Torrance Courthouse___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 09/27/2024

_Chs Ka_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

WALTER J. LACK, SBN 57550
CHRISTOPHER A. KANNE, SBN 289531
ckanne@elllaw.com
**ENGSTROM, LIPSCOMB & LACK**
11601 Wilshire Blvd., 14th Floor
Los Angeles, CA 90025
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/01/2024 3:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL REESE, an individual; LEAH FERRARINI, an individual, | CASE NO.: 24TRCV03283 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. **NEGLIGENCE** |
| | 2. **TRESPASS** |
| JETBLUE AIRWAYS CORPORATION and DOES 1-100, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs MICHAEL REESE and LEAH FERRARINI and allege as follows:

### I.    INTRODUCTION

1.    In the evening of January 1, 2024 at or about 8:09 p.m., Plaintiffs Michael Reese and Leah Ferrarini were peacefully in their home located at 2601 W. 102nd Street, Inglewood, California 90303 when a large block of ice crashed through the roof of their home directly over their bed barely escaping devastating physical injury. The large chunk of ice came from a Jetblue Airways aircraft in route to Los Angeles International Airport ("LAX") from John F. Kennedy International Airport ("JFK") Queens, New York. Investigation by the Federal Aviation Administration ("FAA") found that a review of the maintenance and engineering system records

471290

1

1    for the aircraft revealed that the aircraft had a history of potable water issues dating back to July

2    2023 and the aircraft was suspected of dropping clear ice on another property on August 13, 2023.

3         2.      In addition to the extensive damage to their roof caused by the large chunk of ice

4    crashing into their home, Plaintiffs also have suffered severe emotional distress from the terrifying

5    event resulting in loss of sleep, loss of earnings and no longer feeling safe in their own home with

6    the constant fear that they may be struck again by falling debris from an aircraft.

7       **II.**     **PARTIES**

8         3.      Plaintiffs MICHAEL REESE and LEAH FERRARINI (hereinafter "Plaintiffs") at all

9    relevant times referred to herein were the owners, residents and occupiers who maintained

10   possessory interest in real property located at 2601 W. 102nd Street in Inglewood, California,

11   County of Los Angeles.

12        4.      Defendant JETBLUE AIRWAYS CORPORATION (hereinafter "JETBLUE") is a

13   corporation organized and existing under the laws of the State of Delaware, maintaining its principal

14   place of business in the State of New York. It is registered to do business in the State of California

15   and is engaged in business within the County of Los Angeles, California. At all relevant times

16   referred herein JETBLUE owned and operated the aircraft responsible for discharging the large

17   block of ice which crashed into Plaintiffs' property.

18        5.      Plaintiffs are informed and believe, and thereon allege, that each of the Defendants,

19   named herein was the agent, employee, employer, partner, manager, controlling entity, or joint

20   venturer of the other Defendants, and in doing the things herein alleged was acting within the course

21   and scope of such agency, employment, partnership, management, control, or joint venture with the

22   full knowledge and consent of the other Defendants.

23        6.      Plaintiffs are informed and believe and thereon allege that at all times herein

24   mentioned, the names of the officers, servants, agents or employees of Defendants and DOES 1

25   through 50, inclusive, and each of them, causing or contributing to the Plaintiff's injuries and

26   damages were unknown to Plaintiffs, who therefore sue those persons or entities by those fictitious

27   names. Plaintiffs will seek leave of Court to amend this Complaint to reflect the complete

28   identification and official status of said defendants when the same is ascertained.

471290                                2

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, inclusive, are at this time unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiffs further allege that each of said fictitious Defendants is in some manner responsible for the acts and occurrences hereinafter set forth.  Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named Defendant is responsible for the occurrences herein alleged, and that Plaintiffs damages were proximately caused by such Defendants.

### III.    VENUE AND JURISDICTION

8.     Defendants, and each of them, are subject to the jurisdiction of this Court by virtue of their business dealings and transactions in California, by having caused injuries through their acts and omissions in the State of California.  This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution.

9.     The damages suffered by Plaintiffs exceed this Court's jurisdictional minimum.

10.     Each Defendant has sufficient minimum contacts within California to make the exercise of jurisdiction over each Defendant by California courts consistent with traditional notions of fair play and substantial justice. Defendant JETBLUE does substantial business in the State of California, specifically in Los Angeles County at Los Angeles International Airport, and are thus subject to personal jurisdiction in California state courts.

11.     Venue is proper because the acts and omissions and otherwise wrongful conduct which are the subject of this Complaint, including the massive chunk of ice discharged from the aircraft, occurred in the County of Los Angeles, State of California.

### IV.    FACTUAL ALLEGATIONS

12.     Plaintiffs purchased their home at 2601 West 102nd Street in Inglewood, California in June of 2020.  They worked with a contractor's team to renovate and build their dream home where they intended to reside for many years.  Unfortunately this dream was ruined when on January 1, 2024, at or about 8:09 pm, a large block of ice, the size of watermelon, was discharged from a JetBlue aircraft, flight JBU 2715, registration number 989JT (hereinafter "AIRCRAFT AT ISSUE") in route to LAX from JFK, crashing through the roof of Plaintiffs' home, nearly striking

471290                                    3

1    Plaintiffs and landing directly over their bed.  In response to this invasion, the police and fire
2    department were called to Plaintiffs' home.

3         13.    The FAA opened an investigation on the incident and reported that the AIRCRAFT
4    AT ISSUE had a history of potable water issues dating back to July 2023 and that the AIRCRAFT
5    AT ISSUE was alleged to have been responsible for a similar incident dropping clear ice on a home
6    resulting in damage to the roof in Shirley, Massachusetts in August 2023, contrary to 14 CFR
7    121.153(a)(2).   Prior to January 1, 2024, Defendant failed to investigate and correct the problems
8    causing the potable water issues and falling ice blocks from the in-flight AIRCRAFT AT ISSUE.

9         14.    On January 11, 2024, a technical service item ("TSI") task card was issued on the
10   AIRCRAFT AT ISSUE to service and inspect the potable water system valve and drain.  During the
11   inspection the potable water system valve and drain ("valve") was removed.  In February 2024, the
12   AIRCRAFT AT ISSUE was removed from service to accomplished additional maintenance and
13   inspections.  Due to the criticality of the issue of falling ice from the AIRCRAFT AT ISSUE,
14   quality control inspectors were assigned to observe and inspect the work.   After further defects to
15   the potable water system were reported, the airline requested that the repair vendor open and
16   investigation and conduct in-depth testing and inspection of the valve that had been removed from
17   the aircraft after the report of the falling block of ice on Plaintiffs' home.  The review indicated that
18   the  Inspections conducted on the valve revealed that the connecting flange threads were cross-
19   threaded causing the leak. JETBLUE had been on notice for months prior to January 1, 2024, yet
20   failed to conduct an investigation as to the problems with the potable water system valve and drain.
21   Had JETBLUE done so after being on notice that there was a problem as early as July 2023, the
22   discharge of the large block of ice on Plaintiffs' home would not have occurred.

23        15.    The ice block falling on Plaintiffs' house caused severe damage to Plaintiffs' roof
24   and Plaintiffs were put in direct and reasonable fear for their own safety as the ice landed directly
25   above their pillows in their bedroom.  Further, the incident has had a lasting and profound effect on
26   Plaintiffs causing severe emotional distress and necessitating treatment.  Immediately following the
27   incident with the falling ice, Plaintiffs would cringe in fear with each plane that passed over their
28   home which is approximately one every five minutes.  Plaintiffs can no longer sleep comfortably in

471290                                              4

their beds without thinking of the incident that occurred and as a result suffer from insomnia.  The insomnia has forced Plaintiff Mike Reese to turn down work as a commercial driver in the TV and Film Industry.  The incident has overall made them anxious and depressed, feeling unsafe in what was their dream home.

16.    Because they no longer feel safe in their home due to the incident, Plaintiffs are forced to move from their dream home and find another place to live for which they will incur substantial costs.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

(Against Defendant JETBLUE and DOES 1-100)

17.    Plaintiffs repeat, reiterate and re-allege each and every fact and/or allegation of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

18.    Defendants at all times mentioned herein had a duty to own, maintain and operate the aircraft in airworthy condition which is reasonably safe condition for the general public. They must ensure that their aircraft is maintained, inspected and airworthy before each flight.

19.    The AIRCRAFT AT ISSUE had a history of potable water issues dating back to July 2023 and was suspected of dropping clear ice on a home in Shirley, Massachusetts on August 13, 2023.  With this history, JETBLUE knew or should have known that there was an issue with the potable water system which could result in extreme injury.  Prior to January 11, 2024, JETBLUE took no steps to inspect, correct, remedy or rectify the dangerous condition on the AIRCRAFT AT ISSUE.

20.    JETBLUE breached its duty and failed to use reasonable care to protect Plaintiffs and others similarly situated from the foreseeable harm caused by the dangerous and unsafe condition of AIRCRAFT at issue, including by not inspecting, investigating, remedying, correcting replacing the potable water system and drain for defects.   JETBLUE  further breached its duty by failing to follow proper policies and procedures for maintaining the valve and potable water system from leaking.

///

471290

5

COMPLAINT FOR DAMAGES

21.     JET BLUE's breach of its duty to use reasonable care to prevent blocks of ice from falling from the aircraft which creates an unreasonable risk of harm to person and property. JETBLUE knew or should have known that there had been prior instance of ice falling from the AIRCRAFT AT ISSUE and further knew that the AIRCRAFT AT ISSUE had a history of potable water issues dating back to July of 2023 and that a thorough inspection and investigation of the potable water servicing system would have discovered a defect  in the valve which was causing a leak and the ice dropping from the AIRCRAFT at issue.

22.     The large block of ice which was discharge from the AIRCRAFT AT ISSUE on to Plaintiffs' home and the injuries resulting therefrom were caused solely and proximately by the negligence of JETBLUE without any contributory negligence on the part of Plaintiffs.

23.     The negligence of Defendants consisted in gross misconduct and/or negligence by personnel acting on behalf of Defendants resulting in significant injuries to Plaintiff. The gross misconduct and/or negligence of Defendants' personnel constituted a dangerous condition. Defendants had, or should have had, actual knowledge and notice of said dangerous condition.

24.     As a direct and proximate result of the negligence, reckless disregard, and violation of the airline standards and regulations by JETBLUE, Plaintiffs sustained serious damage to their real property and personal property when the block of ice crashed through their roof damaging the roof and their bedroom.

25.     In addition to the property damage, Plaintiffs have suffered severe mental and emotional distress worrying about their safety in their home.  They are terrified every time a plane flies over the home which can be once every five minutes.  They are unable to sleep at night constantly anxious that their home may be invaded by another object discharged from an overhead aircraft.  Plaintiffs are informed and believe and thereon allege that their general damages are in excess of the minimum jurisdiction of this Court.

26.     As a further direct and proximate result of the negligence, reckless disregard, and violation of the airline standards and regulations by JETBLUE, Plaintiffs were compelled to and did employ the services of a therapist as a result of the traumatic event.

27.     Plaintiffs are informed and believe and thereon allege that the will be compelled to

**COMPLAINT FOR DAMAGES**

1  seek further treatment in the future for care of said injuries and to incur further reasonable bills for

2  the same.  Plaintiffs will give proof of both past and future claimed medical and related expenses at

3  the time of trial.

4        28.    As a direct and proximate result of JETBLUE'S foregoing conduct, Plaintiffs have

5  suffered and continue to suffer personal injuries and property damage as alleged herein in an

6  amount to be set forth according to proof at trial.

7  <div align="center">**SECOND CAUSE OF ACTION**</div>

8  <div align="center">**TRESPASS**</div>

9  <div align="center">(Against Defendant JETBLUE and DOES 1-100)</div>

10        29.    On or about January 1, 2024, Plaintiffs were in possession of certain real property

11  situated at 2601 W. 102nd Street, Inglewood, California 90303.

12        30.    On or about January 1, 2024, JETBLUE, without the consent or authority and against

13  the will of the plaintiffs, invaded Plaintiff's home at 2601 W. 102nd St., Inglewood, California by

14  discharging a large block of ice, crashing through the roof of Plaintiffs' house into their bedroom

15  and nearly missed striking Plaintiffs.

16        31.    JETBLUE in wrongfully acting and/or failing to act to properly inspect, maintain

17  and/or service the AIRCRAFT AT ISSUE, including the potable water servicing system including

18  the potable water system valve fill and drain, as described above, caused a large block of ice to

19  crash into the roof of Plaintiffs' home, resulting in extensive damages to the Plaintiffs and their

20  home.

21        32.    The Plaintiffs did not grant JETBLUE permission to allow the large chunk of ice to

22  enter their home or cause damages.

23        33.    JETBLUE, trespassed at Plaintiffs' home by wrongfully acting and/or failing to act,

24  and allowing a large chunk of ice to be discharged from the AIRCRAFT AT ISSUE crashing into

25  Plaintiffs' home, as described above.

26        34.    As a direct, proximate and substantial result of JETBLUE'S trespass, the Plaintiffs

27  and their real and personal property sustained damages.

28        35.    As a direct and proximate result of JETBLUE'S foregoing conduct, Plaintiffs have

471290

<div align="center">7</div>

suffered and continue to suffer severe emotional distress and property damage as alleged herein in an amount to be set forth according to proof at trial.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.   For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.   For special damages, according to proof;

4.   For pre-judgment interest to the extent authorized by law and according to proof;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all causes of action.

Dated: September 27, 2024                    ENGSTROM, LIPSCOMB & LACK

By: _____
WALTER J. LACK
CHRISTOPHER A. KANNE
Attorneys for Plaintiff

471290

8

**COMPLAINT FOR DAMAGES**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/01/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Nava _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24TRCV03283 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Alan B. Honeycutt | E | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

David W. Slayton, Executive Officer / Clerk of Court

on 10/03/2024
    (Date)

By C. Nava _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm