# EXHIBIT C

Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Nicole A. Poltash (State Bar. No. 323420)
Email: npoltash@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/07/2024 4:48 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Perez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL REESE, an individual; LEAH FERRARINI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 24TRCV03283 <br><br> **DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO COMPLAINT FOR DAMAGES** |

Defendant JetBlue Airways Corporation (hereinafter, "JetBlue"), by and through its attorneys of record at Victor Rane, hereby answers plaintiffs Michael Reese and Leah Ferrarini (hereinafter, "Plaintiffs") Complaint as follows:

## GENERAL DENIAL

1. Pursuant to the provisions of § 431.30 of the California Code of Civil Procedure, JetBlue generally denies each and every allegation of Plaintiffs' unverified complaint.

## AFFIRMATIVE DEFENSES

2. In further answer to Plaintiffs' Complaint, JetBlue alleges the following separate and additional Affirmative Defenses. By alleging the Affirmative Defenses set forth below,

JetBlue intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such Affirmative Defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

3. Plaintiffs' complaint is barred on the grounds that it fails to state a claim upon which relief can be granted against JetBlue.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

4. The incident alleged in the complaint, and the injuries and damages Plaintiffs allegedly sustained, were not proximately caused by any act or omission on the part of JetBlue, its employees, agents, or representatives.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

5. The incident alleged in the complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, if occasioned by fault, are attributable to the conduct of third persons or entities over which JetBlue had no control at any time relevant hereto.

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

6. The incident alleged in the complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than JetBlue; however, in the event a finding is made that JetBlue is liable under controlling law, JetBlue's liability, if any, should be reduced by an

amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiffs seek recovery.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

7.  The incident alleged in the complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than JetBlue; however, in the event a finding is made that liability exists on the part of JetBlue, JetBlue is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

8.  The incident alleged in Plaintiffs' complaint, and the damages Plaintiffs allegedly sustained as a result of the incident, were caused by an intervening and superseding cause, and were not caused by JetBlue.

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

9.  If Plaintiffs have received remuneration or compensation for some or all of their claimed economic losses, including from any collateral source payments and settlements, JetBlue is entitled to have Plaintiffs' awards, if any, reduced by the amount of said remuneration or compensation.

## EIGHT AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

10. Pursuant to the provisions of the Fair Responsibility Act of 1986, commonly

referred to as Proposition 51, and codified at California Civil Code § 1431.1, *et seq.*, JetBlue's liability, if any, for Plaintiff's alleged non-economic damages shall be several only and not joint, and JetBlue shall be liable only for the amount of non-economic damages allocated to it in direct proportion to its percentage fault.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

11. Plaintiffs' claims are precluded, in whole or in part, because JetBlue's conduct was in conformity with and was pursuant to statutes, governmental regulations, and industry standards, based upon the knowledge existing at the time of such conduct.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

12. Plaintiffs' claims and alleged damages are further limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq., now re-codified and incorporated into 49 U.S.C. § 40101 et seq.), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

13. Plaintiffs' have failed to join certain indispensable parties as required by California Code of Civil Procedure §§ 389(a)-(d).

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

14. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705

(codified as amended at 49 U.S.C. §§ 40101-44310 (1994)). *See Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 3d 933 (2008); *Air Transport Association of America v. Cuomo*, 520 F.3d 218 (2d Cir. 2008).

## ADDITIONAL AFFIRMATIVE DEFENSES

15. JetBlue presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. JetBlue reserves the right to asset additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, JetBlue prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their complaint;
2. That JetBlue is awarded its costs of suit incurred herein, including reasonable attorneys' fees; and
3. For such other and further relief as the Court deems just and proper.

Dated: November 7, 2024          Respectfully submitted,

By: _____
Richard A. Lazenby
Nicole A. Poltash
VICTOR RANE
Attorneys for Defendant
JETBLUE AIRWAYS CORPORATION

|   |   |
|---|---|
| Richard A. Lazenby (State Bar No. 202105)<br>Email: rlazenby@victorrane.com<br>Nicole A. Poltash (State Bar. No. 323420)<br>Email: npoltash@victorrane.com<br>VICTOR RANE<br>9350 Wilshire Blvd., Suite 308<br>Beverly Hills, California 90212<br>Telephone: (310) 388-4849<br>Facsimile: (310) 388-4869<br><br>Attorneys for Defendant<br>JETBLUE AIRWAYS CORPORATION | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>11/07/2024 4:48 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By P. Perez, Deputy Clerk |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL REESE, an individual; LEAH FERRARINI, an individual,<br><br>        Plaintiffs,<br>v.<br><br>JETBLUE AIRWAYS CORPORATION and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: 24TRCV03283<br><br>**PROOF OF SERVICE** |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 9350 Wilshire Blvd., Suite 308, Beverly Hills, California 90212. On November 7, 2024, I served the below document(s) as follows:

1. **DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER TO COMPLAINT FOR DAMAGES**

☑ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

☑ **(By Electronic Service)**: I caused the above-referenced document(s) to be emailed to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Walter J. Lack | Attorneys for Plaintiffs, |
| Christopher A. Kanne | MICHAEL REESE |
| ENGSTROM, LIPSCOMB & LACK | LEAH FERRARINI |
| 11601 Wilshire Blvd., 14th Floor | |
| Los Angeles, CA 90025 | |
| Telephone: (310) 552-3800 | |
| Facsimile: (310) 552-9434 | |
| Emails: wlack@elllaw.com; | |
| ckanne@elllaw.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 7, 2024, at Beverly Hills, California.

*Tiffany Gren*
Tiffany Gren

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

PROOF OF SERVICE
CASE NO.: 24TRCV03283

- 2 -